## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JASON LEE CRAPO,<br><br>        Plaintiff,<br><br>    vs.<br><br>OFFICER BOWEN, Cottonwood Heights Police Department, OFFICER JOHN SALDARRIAGA, Cottonwood Heights Police Department, DETECTIVE KYLER BURROUGHS, Cottonwood Heights Police Department, COTTONWOOD HEIGHTS POLICE DEPARTMENT, SIM GILL, Salt Lake County District Attorney, SHANTELLE ARGYLE, Salt Lake County Deputy District Attorney, AHRON HUEBNER, Salt Lake County Deputy District Attorney, JENNIFER GADBOIS, Third District Court Clerk, JUDGE AMBER M. METTLER, JUDGE PAUL B. PARKER, JUDGE JOHN D. LUTHY,<br><br>        Defendants. | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:25-cv-01095**<br><br>**District Court Judge Ted Stewart**<br><br>**Magistrate Judge Dustin B. Pead** |

## BACKGROUND

This matter is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Ted Stewart.[1]

On December 2, 2025, Plaintiff Jason Lee Crapo ("Crapo") filed his complaint against Defendants Officer Bowen, Officer John Saldarriaga, Detective Kyler Burroughs, Cottonwood Heights Police Department, Jennifer Gadbois, Judge Amber M. Mettler, Judge Paul B. Parker

---

[1] ECF No. 30, Docket Text Order for Reassignment; ECF No. 31, Assignment.

1

and Judge John D. Luthy (collectively "Defendants") and Sim Gill, Shantelle Argyle, Ahron

Huebner (collectively "Salt Lake County Defendants").[2] In his pleading, Crapo asserts claims for

violations of his Fourth and Fourteenth Amendment Due Process rights under 42 U.S.C. § 1983,

conspiracy in violation of 42 U.S.C. § 1985(3), violation of 42 U.S.C. § 1986 for failure to

prevent a conspiracy, and *Monell* liability.[3] As damages, Plaintiff seeks declaratory and

injunctive relief, compensatory damages in the amount of $1.5 million and punitive damages in

the amount of $1.5 million.[4]

On December 24, 2025, Salt Lake County Defendants filed their pending Motion to

Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] Crapo did not

substantively responded Salt Lake County Defendants' Motion. Rather, Crapo filed a Notice of

Removal which appears to have been filed in Utah's state court, seeking to remove his action

from the State of Utah's Third District to federal court.[6] Attached to the Notice of Removal,

Plaintiff also provided the following documents: three copies of a September 30, 2025 Order of

Dismissal from the Utah Court of Appeals,[7] a Utah Court of Appeals Notice dated September 8,

---

[2] ECF No. 1, Complaint.

[3] *Id.* at 4-5.

[4] *Id.* at 5.

[5] ECF No. 17, Salt Lake County Defendants' Motion to Dismiss; Fed. R. Civ. P. 12(b)(6).

[6] ECF No. 19, Notice of Removal.

[7] ECF No. 19-1, Order of Dismissal; ECF No. 19-4, Order of Dismissal; ECF No. 19-5, Order of Dismissal.

2025,[8] a November 17, 2025, Notice of Remittitur,[9] a "Forensic Report of Court Record Irregularities",[10] a statement from Behemoth Trucking, LLC,[11] a copy of Plaintiff's federal complaint,[12] an Affidavit of the Facts[13] and a criminal Information.[14] Plaintiff's filings do not address any of the arguments raised in Salt Lake County Defendants' Motion for dismissal, and the time within which to do so has expired.[15]

For the reasons stated below, the court RECOMMENDS granting Salt Lake County Defendants' Motion to Dismiss.

---

[8] *Id.*, Notice.

[9] ECF No. 19-2, Remittitur.

[10] ECF No. 19-3, Forensic Report of Court Record Irregularities.

[11] ECF No. 19-6, Behemoth Trucking, LLC Statement.

[12] *Id.*, Complaint.

[13] *Id.*, Affidavit Of The Facts.

[14] ECF No. 19-7, Information.

[15] Additionally, Plaintiff has filed the following State of Utah Third District Court documents which have been lodged on this court's docket: ECF No. 20, Motion For Mandatory Judicial Notice of Court Records, Filings and Procedural Defects; ECF No. 21, Motion To Preserve Evidence; ECF No. 22, Affidavits of Fact; ECF No. 23, Motion To Dismiss With Prejudice; ECF No. 24, Demand For Rulings; ECF No. 25, United States Postal Service Tracking information; ECF No. 26, United States Postal Service Tracking Information; ECF No. 27, United States Postal Service Tracking information; ECF No. 28, United States Postal Service Tracking information. *See also,* DUCivR 7-1(a)(4)(iii).

**STANDARDS OF REVIEW**

### I.      Legal Standard for Pro Se Plaintiff

Crapo proceeds pro se. As such, the court reviews Crapo's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[16] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[17] the court will not construct arguments on Crapo's behalf and he must comply with "the same rules of procedure that govern other litigants."[18]

### II.     Legal Standard for Motion to Dismiss for Failure to State a Claim

A party moving for dismissal under Federal Rule 12(b)(6) is asserting the defense of "failure to state a claim upon which relief can be granted."[19] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[20] When reviewing the motion, a court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[21]

---

[16] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. Jan. 5, 2007) (citations omitted).

[17] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. Sept. 21, 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. June 3, 1991) (alteration omitted)).

[18] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. Aug. 2, 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[19] Fed. R. Civ. P. 12(b)(6).

[20] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[21] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. Nov. 24, 2009).

"[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[22]

Although the complaint's factual allegations need not be detailed, they must contain more than a "formulaic recitation of the elements of a cause of action"[23] and conclusory statements are "not entitled to be assumed true."[24] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[25]

## **DISCUSSION**

Crapo brings claims for violations of his Fourth and Fourteenth Amendment Due Process rights under 42 U.S.C. § 1983, conspiracy in violation of 42 U.S.C. § 1985(3), violation of 42 U.S.C. § 1986 for failure to prevent conspiracy and *Monell* liability.[26] Yet, it is unclear which of Plaintiff's claims are alleged against the Salt Lake County Defendants. Indeed, in the body of the pleading Crapo does not make any allegations against Salt Lake County Defendants Sim Gill or Ahron Huebner, and the only allegation offered regarding Salt Lake Defendant Shantelle Argyle is that she "prosecuted the case despite clear evidence [that] the charges were baseless."[27] On

---

[22] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Ashcroft,* 556 U.S at 678 (quoting *Twombly,* 550 U.S. at 555).

[24] *Id.* at 664.

[25] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. Nov. 18, 1991).

[26] ECF No. 1 at 4-5.

[27] *Id.* at ¶ 10.

this basis alone, the court recommends dismissal of Plaintiff's claims against Salt Lake County Defendants.

Construing Plaintiff's complaint liberally, Crapo fails to allege sufficient facts to "state a claim to relief that is plausible on its face." While the court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the Crapo,[28] a court need not accept conclusory allegations.[29] Instead, "[a] plaintiff must offer specific factual allegations to support each claim,"[30] and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[31]

Crapo's complaint suffers from many fatal flaws. Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[32] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief. Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the

---

[28] *Wilson v. Montano,* 715 F. 3d 847, 852 (10th Cir. 2013).

[29] *Bellmon,* 935 F. 2d at 1110.

[30] *Kan. Penn Gaming, LLC v. Collings,* 656 F.3d 1210, 1214 (10th Cir. 2011) (citation modified).

[31] *Iqbal,* 556 U.S. at 662 (*citing Twombly,* 550 U.S. at 555) (citation modified).

[32] Fed. R. Civ. P. 8.

court is to determine whether he makes out a claim on which relief can be granted."[33] The court liberally construes Plaintiff's complaint and concludes that he has failed to provide any well-pleaded factual allegations against Salt Lake County Defendants.

## RECOMMENDATION

For the reasons set forth above, the Magistrate Judge RECOMMENDS that Salt Lake County Defendants' unopposed Motion to Dismiss be GRANTED without prejudice for failure to state a claim.[34]

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[35] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[36] Failure to object may constitution waiver of the objections upon subsequent review.

DATED:  March 12, 2026.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

---

[33] *Bellmon,* 935 F.2d at 1111.

[34] ECF No. 17.

[35] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[36] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.,* 73 F.3d 1057, 1060 (10th Cir. Jan. 17, 1996).